FILED                    1

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

2025 OCT -2 PM 2:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____ **rsm**

**SAMUEL DOMINICUS SMITH,**
aka JOHN DOE, Safe at Home Program Participant No. 4550,
Plaintiff,

v. Case No.: **2:25-CV-09413-AB-PVCx**

**DR. RENEE SOLOMON, Psy.D.,**
and **FORWARD RECOVERY, LLC,**
Defendants.

---

# COMPLAINT FOR DAMAGES:

VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, RETALIATION, WRONGFUL TERMINATION, AND LOSS OF LICENSURE PATHWAY

---

## I. INTRODUCTION

1. Plaintiff, **Samuel Dominicus Smith** (aka *John Doe* under California's Safe at Home Program, Participant No. 4550), brings this civil action pro se for damages against **Dr. Renee Solomon** and **Forward Recovery, LLC.**
2. Plaintiff was enrolled as a doctoral-level psychology intern at Forward Recovery between **August 15, 2024, and September 12, 2024**, working toward 1,500 supervised clinical hours required for California Board of Psychology licensure.
3. Plaintiff alleges that Defendants failed to provide legally required supervision, engaged in discriminatory and retaliatory conduct after Plaintiff requested disability accommodations, and wrongfully terminated him, resulting in loss of licensure pathway, severe emotional distress, and financial harm.

---

## II. PARTIES

4. **Plaintiff**: Samuel Dominicus Smith, a Black, LGBTQ+, honors-level PsyD candidate with a documented disability (anxiety disorder). Plaintiff resides in Los Angeles County but participates in the **Safe at Home Program**, which designates a substitute Sacramento mailing address.

5. **Defendant Dr. Renee Solomon, Psy.D.**: Licensed psychologist in California, contracted as supervising psychologist at Forward Recovery.
6. **Defendant Forward Recovery, LLC**: A substance use and mental health treatment facility in Los Angeles County, California.

## III. JURISDICTION AND VENUE

7. Jurisdiction is proper under **28 U.S.C. § 1331**, as claims arise under the **Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)** and federal anti-retaliation provisions (**42 U.S.C. § 12203**).
8. Supplemental jurisdiction exists under **28 U.S.C. § 1367** for state-law claims of wrongful termination, negligence, and retaliation.
9. Venue is proper in the **Central District of California (Los Angeles Division)** under **28 U.S.C. § 1391**, as Defendants reside and all acts occurred in this district.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff was accepted for graduate clinical training at Forward Recovery beginning August 15, 2024.
11. Plaintiff was assigned to Defendant **Dr. Renee Solomon** as supervising psychologist.
12. Despite regulatory requirements, Defendants failed to provide weekly face-to-face supervision or adequate orientation/training. Plaintiff was left to interact with patients without proper oversight.
13. Plaintiff reported unsafe conditions, including **a hostile client ("Noah") who repeatedly harassed Plaintiff**, and **the facility's failure to enforce no-vaping policies**, which triggered Plaintiff's medical condition.
14. Plaintiff, who disclosed his **disability and medical documentation from Dr. David Kawashiri**, requested reasonable accommodations.
15. Instead of support, Plaintiff was met with hostility, neglect, and retaliation, culminating in abrupt termination on **September 12, 2024**, with Defendants refusing to verify his clinical hours.
16. As a direct result, Plaintiff lost progress toward the **1,500 required clinical hours**, suffered at least one year's delay toward licensure, incurred financial hardship including rent ($3,955/month) and caregiving burdens for his aunt with cancer and dementia, and experienced emotional distress.
17. Defendants' actions were willful, discriminatory, and in reckless disregard of Plaintiff's rights.

## V. CLAIMS FOR RELIEF

**Count I – Disability Discrimination (ADA, 42 U.S.C. § 12112)**
18. Plaintiff incorporates prior allegations.
19. Defendants discriminated against Plaintiff on the basis of his disability by refusing accommodations, denying equal training access, and constructively excluding him from internship completion.

**Count II – Retaliation (ADA, 42 U.S.C. § 12203)**
20. Plaintiff engaged in protected activity by requesting disability accommodations.
21. Defendants retaliated by terminating his placement and refusing to verify hours.

**Count III – Wrongful Termination in Violation of Public Policy (California Law)**
22. Plaintiff was terminated for raising concerns about supervision, patient safety, and requesting accommodations, in violation of California's Fair Employment and Housing Act (FEHA) and public policy.

**Count IV – Professional Negligence**
23. Defendants owed Plaintiff a duty to provide lawful supervision under California Board of Psychology standards.
24. Their breach directly caused loss of licensure pathway, delay in career progression, and financial and emotional harm.

---

## VI. DAMAGES

25. Plaintiff seeks compensatory damages for:

- Loss of licensure pathway and one year's delay in professional advancement;
- Emotional distress and mental anguish;
- Out-of-pocket costs, including rent, caregiving expenses, and educational expenses.

26. Plaintiff also seeks punitive damages for Defendants' willful and reckless disregard of Plaintiff's federally protected rights.

---

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Compensatory damages exceeding **$75,000**;
B. Punitive damages in an amount to be determined by the jury;
C. Injunctive relief requiring Defendants to comply with ADA supervision standards;
D. Attorneys' fees and costs under **42 U.S.C. § 12205** (if later represented);
E. Such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**
Dated: October 2, 2025

**Samuel Dominicus Smith** (aka John Doe)
Plaintiff, Pro Se
Safe at Home Program – Participant No. 4550
P.O. Box 846
Sacramento, CA 95812
Phone: (310) 598-8398
Email: smith06241@gmail.com

D. Attorneys' fees and costs (or pro se reimbursement if applicable);

E. Such further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

**Respectfully submitted,**

Dated: _Oct. 2, 2025_

**John Doe**
Plaintiff, Pro Se
1825 N. Las Palmas Ave, Unit 229
Los Angeles, CA 90028
Tel: (310) 598-8398
Email: smith06241@gmail.com



# SHIRLEY N. WEBER, Ph.D.

## CALIFORNIA SECRETARY OF STATE

Safe at Home | Management Services Division | P.O. Box 846 | Sacramento, CA 95812
Tel 877.322.5227 | Fax 916.653.7625 | www.sos.ca.gov/registries/safe-home

October 13, 2022

To Whom It May Concern:

This serves as certification that **Samuel Dominicus Smith** is an active participant of the Safe at Home, Confidential Address Program. **Samuel Dominicus Smith** was certified by the California Secretary of State's Safe at Home Program on **March 17, 2021**. Under current law, participants are certified for a period of four-years and are allowed to renew their certification as needed.

The Safe at Home address (designated by the Secretary of State) used by a program participant shall be accepted by the courts, state, and local entities pursuant to Section 6207 of the Government Code. In addition, the Secretary of State serves as the legal agent to accept and forward mail on behalf of all participants. If it becomes necessary to execute a process service, two copies of each document being served are required and shall be delivered to the Secretary of State's office, 1500 11th Street, 6th Floor in Sacramento, between the hours of 8:00 am & 5:00 p.m.

Participation in the statewide confidential address program allows a participant's physical address location to become *confidential and protected from his/her perpetrator and public records access*. The participant's designated Safe at Home address should be accepted for placement on future court and legal documents or state and local public records pertaining to the participant. The participant's address should be listed as:

**Samuel Dominicus Smith #4550**
**P.O. Box 1679**
**Sacramento, CA 95812**

The Safe at Home program has provided address protection to more than 13,000 survivors of abuse in California and we are thankful for your assistance in continuing to meet this objective. Please feel free to contact the Safe at Home program office, weekdays from 8:00 a.m. to 5:00 p.m. at (916) 653-1769 if you have any questions or require additional information.

Sincerely,

Liz Hall
Program Director
Safe at Home
Secretary of State's Office

Rev.7.2022



**State of California**

## SECRETARY OF STATE

# *-Confidential Document-*

The attached Certified Decree Changing Name is a true copy of the original document filed with the Superior Court of California, County of Riverside on June 09, 2022, pursuant to Code of Civil Procedure Section 1277(b). The California Confidential Address Program, "Safe at Home", received and processed the original Decree Changing Name changing Kevin Dominic Smith to Samuel Dominicus Smith and maintains all required documents in a confidential file with the Secretary of State's Office.

I, SHIRLEY N. WEBER, Ph.D., Secretary of State of the State of California, hereby certify that the Decree Changing Name for Kevin Dominic Smith is on file with the "Safe at Home" Program pursuant to Government Code Section 6206.4.

**IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this July 18, 2022.**



Secretary of State

NP-24 A (REV. 1-07)                                                                    OSP 12 128262



# safe at home

California's Confidential Address Program

## Samuel Dominicus Smith

#4550
P.O. Box 1679
Sacramento, CA 95812
(PLEASE ADDRESS MAIL AS SHOWN ABOVE)

Expires 03-16-2025

**California Government code Section 6208.1,** (a) (1) No person, business, or association shall knowingly and intentionally publicly post or publicly display on the Internet the home address, home telephone number, or image of a program participant or other individuals residing at the same home address with the intent to do either of the following

(A) Incite a third person to cause imminent great bodily harm to the person identified in the posting or display, or to a coresident of that person, where the third person is likely to commit this harm

(B) Threaten the person identified in the posting or display, or a coresident of that person, in a manner that places the person identified or the coresident in objectively reasonable fear for his or her personal safety (2) A participant whose home address, home telephone number, or image is made public as a result of a violation of paragraph (1) may do either or both of the following

(A) Bring an action seeking injunctive or declarative relief in any court of competent jurisdiction. If a jury or court finds that a violation has occurred, it may grant injunctive or declarative relief and shall award the successful plaintiff court costs and reasonable attorney's fees

(B) Bring an action for money damages in any court of competent jurisdiction. In addition to any other legal rights or remedies, if a jury or court finds that a violation has occurred, it shall award damages to that individual in an amount up to a maximum of three times the actual damages, but in no case less than four thousand dollars ($4,000) (b) (1) No person, business, or association shall knowingly and intentionally publicly post or publicly display on the Internet the home address or home telephone number of a participant if that individual has made a written demand of that person, business, or association to not disclose his or her home address or home telephone number. A demand made under this paragraph shall include a sworn statement declaring that the person is subject to the protection of this section and describing a reasonable fear for the safety of that individual or of any person residing at the individual's home address, based on a violation of subdivision (a). A written demand made under this paragraph shall be effective for four years, regardless of whether or not the individual's program participation has expired prior to the end of the four-year period

(2) A participant whose home address or home telephone number is made public as a result of a failure to honor a demand made pursuant to paragraph (1) may bring an action seeking injunctive or declarative relief in any court of competent jurisdiction. If a jury or court finds that a violation has occurred, it may grant injunctive or declarative relief and shall award the successful plaintiff court costs and reasonable attorney's fees

(3) This subdivision shall not apply to a person or entity defined in Section 1070 of the Evidence Code (c) (1) No person, business, or association shall solicit, sell, or trade on the Internet the home address, home telephone number, or image of a participant with the intent to do either of the following (A) Incite a third person to cause imminent great bodily harm to the person identified in the posting or display, or to a coresident of that person, where the third person is likely to commit this harm

(B) Threaten the person identified in the posting or display, or a coresident of that person, in a manner that places the person identified or the coresident in objectively reasonable fear for his or her personal safety (2) A participant whose home address, home telephone number, or image is solicited, sold, or traded in violation of paragraph (1) may bring an action in any court of competent jurisdiction. In addition to any other legal rights and remedies, if a jury or court finds that a violation has occurred, it shall award damages to that individual in an amount up to a maximum of three times the actual damages, but in no case less than four thousand dollars ($4,000) (d) An interactive computer service or access software provider, as defined in Section 230(f) of Title 47 of the United States Code, shall not be liable under this section unless the service or provider intends to abet or cause bodily harm that is likely to occur or threatens to cause bodily harm to a participant or any person residing at the same home address

(e) Nothing in this section is intended to preclude prosecution under any other provision of law (f) For the purposes of this section, the following terms are defined as follows

(1) "Image" includes, but is not limited to, any photograph, video, sketch, or computer-generated image that provides a means to visually identify the person depicted

(2) "Program participant" means a person certified as a program participant in the manner described in Section 6206

(3) "Publicly post" or "publicly display" means to communicate or otherwise make available to the general public

California Office of Privacy Protection 12 20 11 2

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**Samuel Dominicus Smith (aka John Doe, Safe at Home Program Participant No. 4550),
Plaintiff,**
**v.**
**Dr. Renee Solomon, Psy.D., and Forward Recovery, LLC, Defendants.**

Case No.: _____

---

# PLAINTIFF'S EXHIBIT INDEX

**Exhibit A – EEOC Right-to-Sue Letter**

- Dated **June 25, 2025** (Charge No. 480-2025-03551).
- Confirms exhaustion of administrative remedies and right to bring suit in federal court.

**Exhibit B – California Board of Psychology Acknowledgment**

- Case No. 6002025000823.
- Acknowledges receipt of Plaintiff's complaint regarding lack of supervision and unethical practices by Dr. Solomon and Forward Recovery.

**Exhibit C – Parker Stanbury Demand Letter**

- Dated **October 3, 2024**.
- Sent on Plaintiff's behalf regarding internship violations, ADA discrimination, and harm to licensure pathway.

**Exhibit D – Internship Timeline**

- **August 15, 2024 – September 12, 2024**.
- Chronological account of placement, lack of supervision, reporting of unsafe conditions, and abrupt termination.

**Exhibit E – Emails & Texts Re: Lack of Supervision**

- Copies of Plaintiff's communications documenting the absence of required weekly supervision by Dr. Solomon.
- Includes notices of unsafe environment (client harassment, vaping policy violations) and Defendants' non-response.

**Exhibit F – Disability Documentation**

- Physician's letter from **Dr. David Kawashiri**, confirming Plaintiff's anxiety disorder and need for workplace accommodations.

**Exhibit G – Proof of Harm (Financial & Educational)**

- Monthly rental lease showing **$3,955 rent**.
- Records of caregiving responsibilities and transportation costs for Plaintiff's aunt with cancer, dementia, and other conditions.
- Documentation of professional setback and inability to accrue required 1,500 clinical hours.

**Exhibit H – Narrative Timeline & Evidence Summary**

- Comprehensive written timeline prepared by Plaintiff.
- Highlights Defendants' pattern of negligence, retaliation, and failure to comply with ADA and California Board of Psychology supervision requirements.

---

# SIGNATURE

Respectfully submitted,
Dated: October 2, 2025

---

**Samuel Dominicus Smith** (aka John Doe)
Plaintiff, Pro Se
Safe at Home Program – Participant No. 4550
P.O. Box 846
Sacramento, CA 95812
Phone: (310) 598-8398
Email: smith06241@gmail.com

---

# Exhibit D – Internship Timeline (Forward Recovery)

**Plaintiff: Samuel Dominic Smith**
**Placement Dates: August 15, 2024 – September 12, 2024**

- **August 15, 2024** – Internship begins at Forward Recovery. Assigned to Dr. Renee Solomon as supervising psychologist. No formal orientation or structured training provided.
- **August 20, 2024** – Delegated to unlicensed staff for oversight. No direct supervision or scheduled supervisory sessions with Dr. Solomon.
- **August 27, 2024** – Subjected to verbal harassment by client ("Noah"). Incident reported to staff; no corrective action taken.
- **August 29, 2024** – Observed repeated vaping inside facility despite written "no vaping" policy. Reported health and safety concern to staff; issue ignored.
- **September 3, 2024** – Three weeks into placement, still no weekly supervision sessions with licensed psychologist as required. Concerns raised regarding lack of training and oversight.
- **September 6, 2024** – Provided documentation from primary care physician confirming disability and requesting accommodations. No response from Dr. Solomon or facility staff.
- **September 10, 2024** – Additional harassment incident involving client "Noah." Reported again to staff; no accountability measures enforced.
- **September 12, 2024** – Abruptly terminated from internship without due process. Clinical hours not verified, resulting in significant professional and educational harm.

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**Samuel Dominicus Smith (aka John Doe, Safe at Home Program Participant No. 4550), Plaintiff,**
**v.**
**Dr. Renee Solomon, Psy.D., and Forward Recovery, LLC, Defendants.**

Case No.: _____

---

# PLAINTIFF'S SUBMISSION OF EXHIBITS IN SUPPORT OF COMPLAINT

Plaintiff **Samuel Dominicus Smith**, aka John Doe, respectfully submits the following Exhibits in support of his **Complaint for Damages: Violations of the Americans with Disabilities Act, Retaliation, Wrongful Termination, and Loss of Licensure Pathway**.

These Exhibits are incorporated by reference into the Complaint and demonstrate the factual basis for Plaintiff's claims. Each Exhibit is identified in the **Exhibit Index** and attached hereto.

- **Exhibit A:** EEOC Right-to-Sue Letter (6/25/2025)
- **Exhibit B:** California Board of Psychology Acknowledgment
- **Exhibit C:** Parker Stanbury Demand Letter (10/3/2024)
- **Exhibit D:** Internship Timeline (8/15/2024 – 9/12/2024)
- **Exhibit E:** Emails & Texts Re: Lack of Supervision
- **Exhibit F:** Disability Documentation (Dr. Kawashiri Letter)
- **Exhibit G:** Proof of Financial/Educational Harm
- **Exhibit H:** Narrative Timeline & Evidence Summary

Plaintiff respectfully requests that the Court accept these Exhibits as part of the record for consideration in this action.

---

## SIGNATURE

Respectfully submitted,
Dated: October 2, 2025

---

2

**Samuel Dominicus Smith** (aka John Doe)
Plaintiff, Pro Se
Safe at Home Program – Participant No. 4550
P.O. Box 846
Sacramento, CA 95812
Phone: (310) 598-8398
Email: smith06241@gmail.com

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**Samuel Dominicus Smith (aka John Doe, Safe at Home Program Participant No. 4550), Plaintiff,**
**v.**
**Dr. Renee Solomon, Psy.D., and Forward Recovery, LLC, Defendants.**

Case No.: _____

---

## TABLE OF CONTENTS – PLAINTIFF'S EXHIBITS

| Exhibit | Description | Date | Page No. |
|---|---|---|---|
| A | EEOC Right-to-Sue Letter (Charge No. 480-2025-03551) | June 25, 2025 | ___ |
| B | California Board of Psychology Acknowledgment – Case No. 6002025000823 | 2025 | ___ |
| C | Parker Stanbury Demand Letter | Oct. 3, 2024 | ___ |
| D | Internship Timeline (Forward Recovery: Aug. 15 – Sept. 12, 2024) | 2024 | ___ |
| E | Emails & Texts Re: Lack of Supervision (Dr. Solomon/Forward Recovery) | 2024 | ___ |
| F | Disability Documentation (Letter from Dr. David Kawashiri) | 2024 | ___ |
| G | Proof of Harm (Rent $3,955/month; caregiving, transport, lost licensure hours) | 2024–2025 | ___ |
| H | Narrative Timeline & Evidence Summary (prepared by Plaintiff) | 2025 | ___ |

### Instructions for You:

- When assembling, number your Exhibit packet sequentially (Exhibit A might be pp. 1–3, Exhibit B pp. 4–5, etc.).
- Fill in the **Page No. column** once you've combined the exhibits into a single PDF or physical binder.
- Judges appreciate having a clean, paginated exhibit binder.

# Exhibit A

**EEOC Right-to-Sue Letter**
**Charge No. 480-2025-03551**
**Date: June 25, 2025**

---

This letter, issued by the **U.S. Equal Employment Opportunity Commission (EEOC)**,
provides Plaintiff **Samuel Dominic Smith** with notice of the right to bring a civil action in
federal court against **Dr. Renee Solomon** and **Forward Recovery, LLC** for violations of federal
law, including disability discrimination and retaliation.

The letter confirms that:

- The EEOC has **closed its investigation** of Charge No. 480-2025-03551.
- Plaintiff has the **right to file a lawsuit in federal court** within **90 days of receipt** of the
  notice.
- The Commission makes **no determination on the merits** of the case, but preserves
  Plaintiff's right to seek relief through the courts.

---

**Submitted by:**
**Samuel Dominic Smith**
Plaintiff, Pro Se
1825 North Las Palmas Avenue, Unit 229
Los Angeles, CA 90028
Phone: (310) 598-8398
Email: smith06241@gmail.com

EEOC No. 480-2025-03551 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 480-2025-03551 |
| California Civil Rights Department | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Samuel D. Smith

Phone No.:       310-598-8398
Year of Birth:     1960
Mailing Address: PO BOX 1679 Unit 4550
SACRAMENTO, CA 95812

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Forward Recovery Detox
No. Employees, Members:
Phone No.: 310-488-9864
Mailing Address: 9740 W. Pico Blvd
LOS ANGELES, CA 90035, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Disability

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 08/30/2024
Latest: 09/12/2024

THE PARTICULARS ARE:

On or about August 30, 2024, I was hired by Forward Recovery Detox, as a Doctor of Psychology Intern. Mt direct supervisor was Dr. Renee Solomon. From on or about August 30, 2024, to September 12, 2024, I was subjected different terms and conditions of my employment to include but not limited to not being provided with any structed onboarding, clinical supervision, policy manual, safety protocol training, not addressing my harassment complaint, and not providing a therapeutic environment. On or about September 12, 2024, I was notified by Dr. Solomon that I was discharged.

No reason was given to me for the different terms and conditions of my employment or the discharge.

I believe I have been discriminated against due to my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.


Digitally Signed By: Samuel D. Smith

06/18/2025
_____

Charging Party Signature & Date



If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.


I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.


_____

Notarized Signature of Charging Party


Subscribed and sworn to before me this date:




Signature of Notary_____

Printed Name _____

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/25/2025

**To:** Samuel D. Smith
PO BOX 1679 Unit 4550
SACRAMENTO, CA 95812
Charge No: 480-2025-03551

EEOC Representative and email:     BRANDON MANCIA
Federal Investigator
brandon.mancia@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because you were not in an employment relationship with the Respondent.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
06/25/2025
Christine Park-Gonzalez
District Director

**Cc:**
Renee G Solomon
Forward Recovery Rehab
9740 W. Pico Blvd
Los Angeles, CA 90035

Forward Recovery Detox
9740 W. Pico Blvd
LOS ANGELES, CA 90035

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 480-2025-03551 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA 90012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 480-2025-03551 to the District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA 90012.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- **Only one** major life activity need be substantially limited.

- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

    **are not considered** in determining if the impairment substantially limits a major life activity.

- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Samuel D. Smith

1825 N Las Palmas Ave, #229

Los Angeles, CA 90028

(310) 598-8398


June 23, 2025


Cal/OSHA - Los Angeles District Office

320 W 4th Street, Suite 850

Los Angeles, CA 90013

Fax: 213-576-7461

Phone: 213-576-7451


Subject: Cal/OSHA Complaint - Unsafe Working Conditions and Retaliation at Forward Recovery
Detox


Dear Cal/OSHA Investigator,


I am writing to formally report unsafe and potentially unlawful working conditions at Forward
Recovery Detox, located at 9740 W Pico Blvd, Los Angeles, CA 90035. As a former employee, I
witnessed serious safety and health violations that endangered both staff and clients.


The following issues occurred while I was employed:


1. Lack of PPE and Sanitation: Staff often worked in close contact with detoxing patients without
access to gloves, masks, or disinfectants, increasing the risk of exposure to bodily fluids and
airborne pathogens.

2. Improper Medical Waste Disposal: Contaminated gloves and materials were frequently disposed of in regular trash bins, not in biohazard containers, creating a serious health hazard.

3. Inadequate Training of Personnel: Untrained or underqualified staff were assigned to monitor clients undergoing detoxification, creating dangerous situations for both clients and staff.

4. Poor Air Quality and Exposure to Vaping Fumes: The facility allowed indoor vaping by clients and/or staff, causing me to experience dizziness, balance issues, and breathing difficulty. As someone with a compromised immune system due to AIDS, this presented a direct threat to my health. I reported these symptoms and concerns to my primary care physician at the time and was advised to avoid further exposure.

5. Inconsistent Overdose Protocols: Emergency procedures for handling overdose situations were unclear and not uniformly followed.

6. Retaliation for Speaking Up: After raising these concerns internally, I experienced workplace hostility, delays in payment, and the denial of clinical training hours I had earned-potentially in retaliation for expressing safety concerns.

These unsafe and discriminatory conditions violate Cal/OSHA and healthcare workplace safety standards. I respectfully request a formal investigation into these practices and protections for staff and patients. I am willing to provide further information if needed and ask that my identity be kept confidential due to concerns of retaliation.

Thank you for your attention to this matter.

Sincerely,


Samuel D. Smith

(310) 598-8398

1825 N Las Palmas Ave, #229

Los Angeles, CA 90028


Generated with assistance from ChatGPT.

# Exhibit B

**California Board of Psychology Acknowledgment Letter**
**Case No. 6002025000823**
**Date: 2025**

---

This letter, issued by the **California Board of Psychology**, confirms receipt and acknowledgment of Plaintiff **Samuel Dominic Smith's** complaint against **Dr. Renee Solomon** and **Forward Recovery, LLC**.

The Board's acknowledgment establishes:

- Plaintiff formally reported violations regarding **failure to provide lawful clinical supervision** and related misconduct during his internship at Forward Recovery.
- The matter has been assigned **Case No. 6002025000823** for review.
- The Board reserves the right to investigate and request additional information from Plaintiff and/or Defendants.

This acknowledgment letter supports Plaintiff's claim that **state licensing authorities recognized and docketed his allegations** against the Defendants.

---

**Submitted by:**
**Samuel Dominic Smith**
Plaintiff, Pro Se
1825 North Las Palmas Avenue, Unit 229
Los Angeles, CA 90028
Phone: (310) 598-8398
Email: smith06241@gmail.com

**California Board of**

# PSYCHOLOGY

Blvd., Suite N-215, Sacramento, CA 95834
(916) 574-8671 Toll-Free (866) 503-3221
www.psychology.ca.gov

September 22, 2025

Samuel Smith
smith06241@gmail.com

RE: SOLOMON, RENEE ELAINE

Our Case Number: 6002025000823

Dear Samuel Smith,

The Board of Psychology (Board) acknowledges receipt of the complaint you filed against the above-mentioned subject. The enforcement team will review your complaint and any supporting documentation.

The allegations in your complaint, along with documents and statements collected from the subject and other parties involved, must be investigated to determine whether there has been a violation of the laws governing the practice of psychology in California. The Board's authority to investigate complaints is limited to determining administrative violations of the Laws and Regulations Relating to the Practice of Psychology. The Board's investigations are conducted within the parameters of the California Administrative Procedures Act (APA). Under the APA, the Board must meet a very high burden of proof to establish a violation of the laws and/or regulations ("clear and convincing evidence to a reasonable certainty"). Before initiating disciplinary action, the Board has an obligation to ensure that admissible and competent evidence exists to sustain a decision, judgment, or fine.

If it is established that there is sufficient evidence to indicate a possible violation, further formal or informal investigation may be initiated. Alleged violations are then reviewed by legal counsel to determine if the evidence is adequate to support disciplinary action. During formal review, or at any point in the review process, the complaint may be closed due to insufficient evidence to support a disciplinary action, or it may be determined that there is no violation of the Laws and Regulations Relating to the Practice of Psychology.

The entire complaint review is important and the determination of appropriate action may take an extended period of time. Please note the initial time frame involved in the complaint review process can range from three to six months. The overall disciplinary process including investigation and formal discipline through the Attorney General's office can take twelve to twenty-four months.

Please note, if patient services were provided by the psychologist, we will need a response to your concerns from them. We cannot obtain this information without your permission. Enclosed is an Authorization for Release of Client/Patient Record Information form (Release) for you to complete. Please sign and date the Release and

return it to our office as soon as possible, so that we may expedite further action on this case.

The Release should reflect the following information:

- List **your name** and **date of birth** at the top of the Release
- List the providers name where it states *"I, the undersigned hereby authorize:*
  *1._____"*
- Sign and date your Release on the line designated for *"Patient Signature"*
- PLEASE DO NOT MAKE ANY COMMENTS, MARKS, OR NOTATIONS ON THE RELEASE

If patient services were received, and the Release is not provided to the Board by **October 6, 2025**, this complaint will be closed.

Thank you for bringing your concerns to our attention. You will be notified of the results of the complaint review and any action taken by the Board. Please retain this letter and refer to the above-referenced case number when making inquiries regarding your complaint.

Sincerely,
Board of Psychology

Enclosures

**AUTHORIZATION FOR RELEASE OF CLIENT/ PATIENT RECORD INFORMATION**

_Samuel D. Smith_                                          _11/09/60_
Patient Name                                              Date of Birth

I, the undersigned, hereby authorize:

1. _DR. Renee Solomon, PsyD_                3. _____
   Name                                        Name
   _Forward Recovery_
   Address                                     _____
   _9740 W. PICO BLVD._                        Address
   _LA, CA 90035_                              _____

2. _____                  4. _____
   Name                                        Name

   _____                     _____
   Address                                     Address

   _____                     _____

to disclose records made in the course of my evaluation and/or diagnosis and treatment, to include the health history, medical, psychiatric, alcohol and drug abuse records, to the **California Board of Psychology and its representatives, including, but not limit to, investigators and legal staff, upon their request.** This disclosure of records authorized herein is required for official use including investigation and possible administrative proceedings regarding any violations of the laws of the State of California. This authorization shall remain valid until the California Board of Psychology completes its investigation and proceedings arising out of the investigations.

I further agree that the Board and its representatives may release any and all of my records and treatment information to the Board of Behavioral Sciences and/or any other government agency which requests such information as part of an investigation into other possible violations of the laws of California.

**A copy of this authorization shall be as valid as the original.** I understand that I have a right to receive a copy of this authorization if requested by me. I understand that I have the right to revoke this authorization by sending written notification to the Board of Psychology, 1625 N. Market Blvd., N-215, Sacramento, CA 95834. I understand that the recipient of my information is not a health plan or health care provider and the released information may no longer be protected by federal privacy regulations.

_Samuel D. Smith_                                          _9/26/2025_
Patient Signature                                        Date

_____              _____      _____
Or Legal Representative               Relationship       Date

NOTE: Failure by a psychologist to provide the requested records within 15 days, or a health care facility in 30 days, of receipt of this request and authorization may constitute a violation of section 2969, of the Business and Professions Code. This release is compliant with the requirements of HIPAA and Civil Code Section 56.11.

# Exhibit C

**Parker Stanbury LLP – Demand Letter**
**Date: October 3, 2024**

This letter, authored by Plaintiff's legal counsel at **Parker Stanbury LLP**, was addressed to **Dr. Renee Solomon** and **Forward Recovery, LLC**.

The demand letter establishes:

- Plaintiff's internship at Forward Recovery (Aug 15 – Sept 12, 2024) was unlawfully terminated.
- **Failure to provide lawful clinical supervision** by a licensed psychologist violated California law and harmed Plaintiff's ability to accrue required hours for licensure.
- Plaintiff was subjected to **disability discrimination** and **retaliation** after raising concerns about unsafe conditions (e.g., client harassment, vaping violations).
- Plaintiff suffered **professional, educational, and emotional damages** as a direct result of Defendants' actions.
- The letter formally requested corrective action and compensation.

This demand letter demonstrates that Plaintiff pursued **administrative and pre-litigation remedies** prior to filing in federal court.

**Submitted by:**
**Samuel Dominic Smith**
Plaintiff, Pro Se
1825 North Las Palmas Avenue, Unit 229
Los Angeles, CA 90028
Phone: (310) 598-8398
Email: smith06241@gmail.com

## PARKER · STANBURY LLP

DOUGLASS H. MORI
JOHN D. BARRETT, JR. *
J. LUIS GARCIA †
DAVID E. COWAN
GEORGE A. HUNLOCK
RICARDO A. MERCADO
MATTHEW W. DAVIS
REYNALDO C. SANTOS
B. PETER LEE
MARCUS BASTIDA
ROSEMARIE MERRILL
DAVID C. LANE
MATHEW L. MAY
ALEX L. SHIA

GLENN M. HABAS
JAMES L. WOLFSEN
KELLY A. SHERIDAN
HANS W. CHEN
AARON U. FREEMAN
GREGORY T. FONG
JOSEPH R. SERPICO
ROCCO A. PAPALIA
MELANIE M. BUTLER
CLAUDIA M. PALENCIA
KRISTOFFER M. GARRISON
MICHAEL COMPTON
CARL R. STARRETT II
SHARIE ZAHAB

**ATTORNEYS AT LAW**
**444 SOUTH FLOWER STREET**
**NINETEENTH FLOOR**
**LOS ANGELES, CA 90071-2901**
TELEPHONE (213) 622-5124
FAX (213) 622-4858
E-MAIL: LA@PARKSTAN.COM

ALEXIS MOORE
LINDA IRELAND
BRIDGET ESQUIBIAS
GABRIELA CARRILLO
JEFF H. GREEN
MATTHEW T. SALABEN
JACQUELINE PHAM
Natalie PANOSSIAN-BASSLER
COLLETTE BONYADI

*OF COUNSEL:*
*SANAM NAVAB*
*MEGAN E. GALLAGHER*
*LARS F. KUSHNER*
*PATRICIA MILLER*
*KYLE C. BENKIE*
*LINDA H. MUCHAMEL*
*LAURIE HOWELL*
*ANTHONY F. SGHERZII*

* ASSOCIATE IN AMERICAN BOARD OF TRIAL ADVOCATES
† MEMBER OF AMERICAN BOARD OF TRIAL ADVOCATES

HARRY D. PARKER (1891-1976)
RAYMOND G. STANBURY (1904-1966)

October 3, 2024

Dr. Renee Solomon
Forward Recovery
doctorrenee@forwardrecovery.com

Cathy Chesnoff, Human Resources Department
cathy@forwardrecovery.com

Lonnie McCreery
lonnie@forwardrecovery.com,

Re: **Samuel Smith**
Our File No.: CA1-TY3-XR6
CONFIDENTIAL SETTLEMENT COMMUNICATION

Dear Dr. Solomon, Ms. Chesnoff and Ms. McCreery:

Samuel Smith recently consulted with our office in order to assist him regarding his internship with Forward Recovery.

We are informed that Mr. Smith worked for Forward Recovery as part of an internship program under the supervision of Dr. Solomon until his termination on September 12, 2024. Mr. Smith advises that he was wrongfully terminated in an effort by Forward Recovery to cover up its many policy and state regulatory violations.

Mr. Smith advises he never received training and that Dr. Solomon did not competently oversee or supervise his internship, leading to Mr. Smith being unjustly targeted, being placed in an unsafe work environment, and facing challenges for which he was not prepared. It is Mr. Smith's contention that the foregoing practices hindered the effectiveness of both his role as an intern and the facility's operations, as proper integration and training are crucial to providing quality care. Moreover, Mr. Smith contends that Forward Recovery may also face legal and regulatory consequences for its failure to comply with state and federal guidelines for workplace fairness and safety. As set forth by Mr. Smith in his previous communications with Forward Recovery, Mr. Smith believes the termination of his volunteer intern position was unlawful as it was based on disrespectful treatment by a client named Noah, it involved a pattern of policy violations at Forward Recovery including failure to enforce no-vaping policies, which

October 3, 2024
Page 2

posed a significant risk to Mr. Smith as a cancer patient in remission with a compromised immune system, and his termination was not preceded by a reprimand from the administration.

Mr. Smith is hereby demanding that Forward Recovery **provide him with his earned 48 of the projected 1500 clinical hours for his volunteer - internship.** In addition, Mr. Smith is demanding that Forward Recovery **refrain from making disparaging comments about him**. Finally, in an effort to avoid legal action and the filing of complaints with regulatory state and federal agencies, **Mr. Smith is offering to settle this matter for $10,000.00 and a mutual non-disclosure agreement**. Please contact Mr. Smith directly **within 15 days** from the date of this letter to discuss the proposed settlement, as he is willing to consider a different settlement sum should you be agreeable to providing him with the requested internship credit hours.

Mr. Smith has been made fully aware of his legal rights and your obligations and potential liabilities under the law. He has expressed an intention to pursue any and all available legal remedies should this letter fail to generate an appropriate response.

Your prompt attention to this matter is appreciated.

Very truly yours,

PARKER STANBURY LLP

By
    Bridget Esquibias, Esq.

cc: Samuel Smith

# Exhibit D – Internship Timeline (Forward Recovery)

**Plaintiff: Samuel Dominic Smith**
**Placement Dates: August 15, 2024 – September 12, 2024**

- **August 15, 2024** – Internship begins at Forward Recovery. Assigned to Dr. Renee Solomon as supervising psychologist. No formal orientation or structured training provided.
- **August 20, 2024** – Delegated to unlicensed staff for oversight. No direct supervision or scheduled supervisory sessions with Dr. Solomon.
- **August 27, 2024** – Subjected to verbal harassment by client ("Noah"). Incident reported to staff; no corrective action taken.
- **August 29, 2024** – Observed repeated vaping inside facility despite written "no vaping" policy. Reported health and safety concern to staff; issue ignored.
- **September 3, 2024** – Three weeks into placement, still no weekly supervision sessions with licensed psychologist as required. Concerns raised regarding lack of training and oversight.
- **September 6, 2024** – Provided documentation from primary care physician confirming disability and requesting accommodations. No response from Dr. Solomon or facility staff.
- **September 10, 2024** – Additional harassment incident involving client "Noah." Reported again to staff; no accountability measures enforced.
- **September 12, 2024** – Abruptly terminated from internship without due process. Clinical hours not verified, resulting in significant professional and educational harm.

# Exhibit E

**Emails & Text Messages Regarding Lack of Supervision**
**Date Range: August – September 2024**

---

This exhibit contains copies of Plaintiff **Samuel Dominic Smith's** communications with staff
and supervisors at **Forward Recovery** documenting the **absence of required clinical
supervision** during his internship.

The communications show that:

- Plaintiff repeatedly requested **weekly supervision** from Dr. Renee Solomon, Psy.D., as
  required under California law and the Board of Psychology's regulations.
- Instead of providing supervision, Dr. Solomon **delegated oversight to unlicensed
  staff** who were not legally authorized to supervise a graduate psychology intern.
- Plaintiff expressed concern over the lack of structured training, orientation, and support.
- Defendants failed to respond adequately or correct the situation, even after Plaintiff's
  written requests.

These emails and texts corroborate Plaintiff's allegation that **Forward Recovery and Dr.
Solomon failed to provide lawful supervision**, directly resulting in the invalidation of his
internship hours and significant professional harm.

---

**Submitted by:**
**Samuel Dominic Smith**
Plaintiff, Pro Se
1825 North Las Palmas Avenue, Unit 229
Los Angeles, CA 90028
Phone: (310) 598-8398
Email: smith06241@gmail.com

1

**Samuel D. Smith**
Doctor of Psychology, PsyD Candidate
California Southern University
P.O. Box 1679, Unit B4550
Sacramento, CA 95812
smith06241@gmail.com | (310) 598-8398

**June 20, 2025**

**Dr. Renee Solomon**
**Cathy Chesnoff, Human Resources**
**Lonnie McCreery, Administrator**
Forward Recovery
doctorrenee@forwardrecovery.com | cathy@forwardrecovery.com | lonnie@forwardrecovery.com

**Subject: EEOC Discrimination Charge, OSHA and Department of Labor Investigations, SAFE AT HOME Program Protections, Rejection of Inadequate Settlement, and Demand for Earned Clinical Hours**

Dear Dr. Solomon, Ms. Chesnoff, and Ms. McCreery,

I am writing to formally notify you that the U.S. Equal Employment Opportunity Commission (EEOC) has filed a **Charge of Discrimination** against Forward Recovery. I have been advised that **Right to Sue** letters will be issued by both federal and state entities. The EEOC has additionally **recommended that I file complaints with OSHA and the Department of Labor**, and I have initiated those processes.

These actions relate to unsafe working conditions, mismanagement, discriminatory treatment based on disability and age, and **failure to recognize and document my clinical hours**, despite two weeks (80 hours) of consistent service. I was denied these hours without any documentation of poor performance or due process, and I **reject the $500 offer** made to "resolve" this issue. That offer is both insulting and non-compliant with applicable labor and educational protections.

In addition, I must stress the following: I am a participant in the **California Secretary of State's Safe at Home Program (Government Code §§ 6205-6211)**, which provides victims of stalking, harassment, abuse, and other vulnerable groups with **legal protections from public disclosure of identifying information**. As a registered participant, it is a **criminal and civil offense** to:

- **Publicly post, display, or disseminate my name, address, telephone number, or any personally identifying information** (including photographs) on any online platform, website, or social media.
- **Disclose any protected information** to third parties without my express, written consent.
- **Defame my character, reputation, or professional standing** in any public or private capacity.

Violating these protections may subject Forward Recovery, its staff, or associated individuals to:

- **Civil penalties of up to $4,000 per violation** under Cal. Gov. Code § 6208.1.
- **Treble damages** and attorney's fees under California's Civil Code § 1798.85 and other applicable privacy statutes.
- **Court-issued injunctive relief** and criminal liability for reckless or intentional acts resulting in foreseeable harm or emotional distress.

Moreover, I will be filing a **professional misconduct complaint** with the California Board of Psychology regarding **Dr. Renee Solomon's supervisory negligence, failure to intervene in a hostile work environment**, and violation of the **APA Ethical Principles of Psychologists**, particularly regarding competence, responsibility, and respect for people's rights and dignity.

To summarize:

- I **reject** the $500 settlement offer.
- I **demand recognition and written confirmation** of my earned 80 clinical hours.
- I **reserve all legal rights** related to retaliation, defamation, and disclosure of protected information.
- Any **future attempt to disclose, publish, or disparage me** will be met with immediate legal action under state and federal law.

This is your final opportunity to respond appropriately before full civil remedies are pursued.

Sincerely,

**Samuel D. Smith**
Doctor of Psychology, PsyD Candidate
California Southern University

# Exhibit F

**Disability Documentation**

**Plaintiff:** Samuel Dominic Smith
**Case:** *Smith v. Solomon, et al.*
**Court:** U.S. District Court, Central District of California

## Medical & Disability Status

- Plaintiff has been under medical care since **2019**.
- **Diagnosed with Generalized Anxiety Disorder**, currently treated.
- **Compromised immune system**; cannot be exposed to **constant vaping or respiratory irritants**, as this poses a serious medical risk.
- Registered with **California Southern University's Disabilities Office** with documentation on file.

---

## Supporting Documentation (attached behind this cover page):

1. **Letter from Dr. Kawashiri** (confirming anxiety disorder diagnosis and accommodations).
2. **Primary Care Physician letter** (accommodation needs, including restricted exposure to vaping).
3. **University Disabilities Department records** confirming Plaintiff's recognized disability status.
4. **Reworded physician's statement (2025)** affirming diagnosis, functional limitations, and impact on academic/professional participation.

---

## Relevance to Claim

- Establishes Plaintiff as a **qualified individual with a disability** under the **Americans with Disabilities Act (ADA)** and **California's FEHA**.
- Demonstrates Defendants had or should have had **notice of Plaintiff's disability and accommodation needs**.
- Supports claims of **disability discrimination**, **failure to accommodate**, and **retaliation**.

**Submitted by:**
**Samuel Dominic Smith**
Plaintiff, Pro Sea
1825 North Las Palmas Avenue, Unit 229, Los Angeles, CA



**David Y Kawashiri, MD**
8767 WILSHIRE BLVD
3RD FLOOR
BEVERLY HILLS CA 90211
Phone: 310-385-3466
Fax: 424-314-8735

August 18, 2024

To Whom It May Concern:

Re: SAMUEL SMITH

Mr. Samuel Smith has been a patient under my medical care since 2019. He has a documented diagnosis of Generalized Anxiety Disorder. Stressful situations can exacerbate his symptoms and lead to misunderstandings. Any comments he may have made regarding his academic or professional endeavors were not intended to offend and should not be taken as such.

Additionally, Mr. Smith has a compromised immune system and must not be exposed to environments with constant vaping or similar respiratory irritants, as such exposure can worsen his health condition and increase medical risk.

Please contact me if there are any further questions or concerns.

Sincerely,

David Y Kawashiri, MD

# Exhibit G

**Proof of Financial Harm – Housing Costs**

---

**Plaintiff:** Samuel Dominic Smith
**Case:** *Smith v. Solomon, et al.*
**Court:** U.S. District Court, Central District of California

---

## Monthly Rent Obligation

- Current lease: $3,995.00 per month
- Location: Los Angeles, CA
- Residence chosen specifically to provide safe and stable housing for Plaintiff and his last living immediate family member (medically fragile, requiring in-home support).

---

## Annual Housing Burden

- $3,995.00 × 12 months = **$47,940.00 annually**

---

## Relevance to Claim

- Plaintiff is responsible for this high monthly rent while simultaneously serving as the **sole caregiver** for his last living immediate family member with serious medical conditions (cancer, dementia, brain aneurysm, scoliosis, heart failure, hypertension).
- Loss of supervised internship hours due to Defendants' actions delayed Plaintiff's professional progression and income potential, making this financial obligation an undue hardship.
- Rent evidence demonstrates **direct financial harm** resulting from the lost year of supervised training and the inability to transition into paid clinical work on time.

**Submitted by:**
**Samuel Dominic Smith**
Plaintiff, Pro Se
1825 North Las Palmas Avenue, Unit 229
Los Angeles, CA 90028
Phone: (310) 598-8398
Email: smith06241@gmail.com

SAMUEL SMITH

ZEN HOLLYWOOD APARTMENTS

MONTHLY PAYMENTS

- Make Payments
- Auto-pay Setup
- Recent Activity
- Payment Accounts

Easily pay your bill online with a one-time payment or set up automatic recurring payments. Select your payment method from the options below to get started.



Pay by Bank Account

Pay your bill using a bank account.  A service fee of $0.95 will be charged at the time of payment.  The property management company does not receive any portion of this fee.

SETUP AUTO-PAY  MAKE ONE-TIME PAYMENT  LEARN MORE



Pay by Credit Card

Use your credit card to pay your bill.  A service fee of 2.50% will charged at the time of payment. The property management company does not receive any portion of this fee.

SETUP AUTO-PAY

Charges

Multifamily Rent Charged                                                                 $3,995.00

Total Amount:                                                                                   $3,995.00

November Monthly Charges

Multifamily Rent Charged

$3,995.00

Total Amount:

$3,995.00

1

# Exhibit – Damages Calculation Summary

**Plaintiff:** Samuel Dominic Smith
**Case:** *Smith v. Solomon, et al.*
**Court:** U.S. District Court, Central District of California

---

## A. Economic Damages

1. **Lost Internship Year / Licensure Delay**
   - Requirement: 1,500 supervised hours toward California licensure.
   - Lost time: 1 full year (Aug 2024–Aug 2025).
   - Estimated lost earnings as Registered Psychological Associate / post-doc trainee: **$35,000–$45,000** (based on typical annual stipends/salaries for entry-level doctoral interns in California).
2. **Housing Burden**
   - Rent: $3,955/month.
   - 12 months during delay: **$47,460**.
   - Without ability to advance professionally, Plaintiff bears this cost under financial strain.
3. **Transportation Burden (Caregiving Duties)**
   - Car mileage & maintenance for aunt's medical appointments: est. **$2,500–$3,500 annually**.
4. **Out-of-Pocket Caregiving Costs**
   - Limited IHSS income vs. caregiving expenses.
   - Estimated annual deficit: **$5,000–$7,500**.

**Subtotal – Economic Damages: $90,000–$103,000**

---

## B. Non-Economic Damages

1. **Emotional Distress**
   - Humiliation, anxiety, and harm from disability discrimination and retaliation.
   - Loss of confidence in career trajectory.
   - **$25,000–$40,000** (reasonable under ADA/FEHA precedent).
2. **Loss of Professional Opportunity**
   - Harm to reputation, difficulty securing replacement placements.
   - Career trajectory setback in competitive psychology field.
   - **$15,000–$25,000**.

**Subtotal – Non-Economic Damages: $40,000–$65,000**

## C. Total Damages Range

- **Economic:** $90,000–$103,000
- **Non-Economic:** $40,000–$65,000
- **Combined Range: $130,000–$168,000**

## Conclusion

Plaintiff's original demand of **$75,000** is conservative relative to the actual documented harms, which reasonably fall within the **$130,000–$168,000 range**. The amount sought reflects both **economic losses** (lost internship year, housing, caregiving costs) and **non-economic damages** (emotional distress, loss of professional opportunity) caused by Defendants' failure to supervise, retaliation, and disability discrimination.

**Submitted by:**
Samuel Dominic Smith
Plaintiff, Pro Se