UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-09413-AB-RAO | Date: | February 10, 2026 |
|---|---|---|---|

| Title: | *Samuel Dominicus Smith (aka John Doe) v. Renee Solomon et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER <u>DENYING</u> PLAINTIFF'S URGENT REQUEST FOR REDACTION OF PERSONAL IDENTIFYING INFORMATION [DKT. NO. 15]**

       Plaintiff Samuel Dominicus Smith ("Plaintiff") has filed an urgent application to redact public identifying information from documents in public-facing court systems. EPA, Dkt. No. 15. Though the EPA is not styled as an *ex parte* application, the Court treats it as such because an application that is not motioned for hearing is "effectively an *ex parte* application." *Schmitz v. Asman*, 2022 WL 1172537 at *1, n.1 (E.D. Cal. April 20, 2022).

       Plaintiff files the EPA in a case voluntarily dismissed on January 28, 2026. Dkt. No. 14. Plaintiff now requests an order directing the "immediate redaction and removal of all personal identifying information ("PII") – including Plaintiff's legal name, address, or any identifying data" from PACER, PacerMonitor, CourtListener, any automated third-party docket-aggregation websites, any public-facing pages generated by the Court, or any publicly viewable filings in this matter. EPA at 2-3. Plaintiff argues that the appearance of his full legal name in court documents threatens his safety, privacy, and well-being. *Id.* at 3.

Plaintiff files this request pursuant to five authorities: (1) Federal Rule of Civil Procedure 5.2; (2) the Court's authority to protect litigants using pseudonyms; (3) the Court's prior permission to proceed as John Doe; (4) Plaintiff's enrollment in California's Safe at Home confidentiality program; and (5) the Court's inherent power to prevent exposure, harm, and retaliation. *Id.*

Generally, *ex parte* applications are solely for extraordinary relief and are rarely granted. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995). Such applications are "inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system." *Id*. at 490.

Plaintiff's EPA fails to meet the high threshold for an *ex parte* application as it is deficient in several ways. First, Plaintiff asks the Court to redact certain documents pursuant to Federal Rule of Civil Procedure 5.2. As an initial matter, it is not clear to the Court that any of the information Plaintiff seeks to have redacted falls within the scope of information that may be redacted under Federal Rule of Civil Procedure 5.2. Moreover, as stated in the Local Rules, "[i]t is the responsibility of the filer to ensure full compliance with the redaction requirements of Federal Rule of Civil Procedure 5.2." C.D. Cal. L.R. 5.2-1. Plaintiff himself filed the information at issue without redactions. Thus, the Court cannot retroactively redact any information.

Next, Plaintiff argues the Court has the authority to protect litigants that file cases under pseudonyms. While the Court does have authority to permit a party to file under a pseudonym, the Court will exercise that authority only once a moving party has met their burden pursuant to a motion to use a pseudonym. The "normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch*., 596 F.3d 1036, 1042 (9th Cir. 2010). To overcome this presumption, a moving party must demonstrate that the "party's need for anonymity" outweighs the "prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I through XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Again, Plaintiff has not filed any motion to file the case under pseudonym nor has he made any argument overcoming the presumption against anonymity in his EPA. Plaintiff's subsequent argument that the Court previously granted him permission to proceed as John Doe in this case is similarly deficient. Plaintiff cites to no previous Court order nor can this Court identify any prior order granting Plaintiff permission to pursue the case under a pseudonym.

Plaintiff's fourth argument that his information should be redacted pursuant

to the California Safe at Home confidentiality program is also not persuasive. The California Safe at Home program is administered by the California Secretary of State's Office and offers a substitute mailing address for certain individuals who are in fear for their safety. *See* California Secretary of State, *Safe at Home*, https://www.sos.ca.gov/registries/safe-home (last visited Feb. 10, 2026). While the Court recognizes the value of this program and Plaintiff's membership, he has not provided any explanation as to why this program requires or merits retroactive redaction of documents filed by Plaintiff himself.

      Plaintiff's final argument that redaction is within the Court's discretion fails for similar reasons. Plaintiff has provided no explanation as to why the Court should exercise its discretion in a manner inapposite to the general presumption against anonymous court filings.

      Accordingly, Plaintiff's EPA is **DENIED**. The Court observes that, while it cannot redact these documents, Plaintiff may move to seal portions of the court documents on the record. For any application to be granted, Plaintiff is required to comply with all applicable Federal Rules of Civil Procedure, Local Rules, and this Court's Standing Order. Failure to do so may result in denial of any subsequent applications.

      **IT IS SO ORDERED**.