Name: John Doe
Address: PO BOX 1679, UNIT 4550
Sacramento, CA 95812
Phone: 310-598-8398
Fax: ___

In Pro Per

FILED
2026 FEB 12 PM 2:22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

John Doe
Safe At Home Participant
Plaintiff

v.

Renee Solomon
et al
Defendant(s).

CASE NUMBER: 2:25-CV-09413-AB-PVCX

**URGENT**

~~NOTICE OF MOTION~~
REQUEST
TITLE OF PLEADING
TO SEAL.

1.) ~~Notice of Motion~~ Request for Motion to Seal

2.) Memorandum of Points and Authorities

3.) Declaration of John Doe

4.) Exhibit A
Screenshot of PacerMonitor 2/12/2026
Displaying Plaintiff's Name

5.) Proposed Order Granting Motion to Seal

CV-127 (09/09)   PLEADING PAGE FOR A SUBSEQUENT DOCUMENT   1

# NOTICE OF MOTION AND MOTION TO SEAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

John Doe,

    Plaintiff,

v.

Renee Solomon, et al.,

    Defendants.

Case No. 2:25-cv-09413-AB-PVCx

REQUEST FOR ~~NOTICE OF~~ MOTION AND MOTION TO SEAL COURT RECORDS CONTAINING

# PLAINTIFF'S PERSONAL IDENTIFYING INFORMATION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at the earliest available hearing date permitted under Local Rule 6-1 and Local Rule 79-5, Plaintiff John Doe will and hereby does respectfully move this Court for an order sealing portions of previously filed documents that contain Plaintiff's personal identifying information (PII), including his legal name, address, and private medical/disability-related details, which remain publicly accessible on PACER and external search engines.

This Motion is made following the Court's Minute Order entered on February 10, 2026, advising Plaintiff that while direct redaction is unavailable, an application to seal may be filed in compliance with Federal Rules of Civil Procedure, Local Rules, and this Court's Standing Order.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of John Doe, the Proposed Order, all pleadings and records on file, and any further argument or evidence the Court may consider.

Respectfully submitted,

John Doe

Plaintiff, Pro Se

*John Doe*
*2/12/2026*

# MEMORANDUM OF POINTS AND AUTHORITIES

# I. INTRODUCTION

Plaintiff seeks narrowly tailored sealing of portions of previously filed documents that reveal personal identifying information ("PII"), including Plaintiff's legal name, home address, and disability-related information. These materials, now available to the public via PACER and external search engines, pose ongoing and irreparable harm to Plaintiff's privacy, safety, and employment prospects.

The Court has already acknowledged in its February 10, 2026 Minute Order that redaction of existing docket entries is procedurally unavailable, but that Plaintiff may move to seal portions of the record in accordance with Federal Rule of Civil Procedure 5.2, Local Rule 79-5, and the Court's Standing Order. Plaintiff now submits this formal Motion to Seal.

# II. LEGAL STANDARD

## A. Federal Rule of Civil Procedure 5.2

FRCP 5.2(a) prohibits public disclosure of personal identifying information, including:

- full names of protected individuals,

- addresses,
- and other sensitive data.

## B. Local Rule 79-5

LR 79-5 permits sealing where:

1. The request is narrowly tailored,
2. The information is of the type courts protect (privacy, identity, safety), and
3. Overriding interests outweigh the presumption of public access.

Personal identifying information of litigants — particularly in cases involving disabilities, medical context, or Safe At Home protections — has consistently been found to justify sealing.

## C. Application in Privacy-Sensitive Cases

Courts routinely seal material where public filing would cause:

- stigma
- danger to the litigant
- employment barriers
- discrimination or retaliation

- compromise of protected information (medical or disability-related)

This case falls squarely within those parameters.

## III. ARGUMENT

### A. Good Cause and Compelling Reasons Justify Sealing Plaintiff's PII

Plaintiff's filings currently reveal:

- Full legal name
- Residential mailing information
- Disability and medical references
- Financial hardship data

These disclosures pose:

- Employment barriers in background checks
- Personal safety concerns
- Targeting vulnerabilities
- Exposure contrary to Safe At Home privacy protections

These interests outweigh the public's need for access to these specific documents.

### B. The Relief Sought Is Narrowly Tailored

Plaintiff is not seeking to seal entire filings.

Only the portions containing PII, consistent with:

- FRCP 5.2
- LR 79-5
- Ninth Circuit precedent on limited sealing

### C. The Court Has Already Invited This Motion

In the February 10, 2026 Minute Order, the Court wrote:

"…while it cannot redact these documents, Plaintiff may move to seal portions of the prior filed documents…"

Plaintiff is following that precise instruction.

## IV. CONCLUSION

Because Plaintiff's personal identifying information is publicly exposed in ways that violate FRCP 5.2 and undermine his privacy, safety, and employment prospects, and because the request is narrowly tailored, the Court should GRANT Plaintiff's Motion to Seal.

Respectfully submitted,

John Doe

Plaintiff, Pro Se            */s/ John Doe 2/12/2026*

8

# DECLARATION OF JOHN DOE

I, John Doe, declare:

1. I am the Plaintiff in this action.

2. I am filing this declaration in support of my Motion to Seal portions of prior docket entries.

3. Documents previously filed in this matter reveal my personal identifying information, including my full legal name, address, and disability-related information.

4. Because of my ongoing Safe At Home status and the professional retaliation and discrimination I am already facing, public exposure of this information has caused and continues to cause ongoing harm.

5. This exposure jeopardizes my ability to obtain employment because background check systems pull directly from PACER and third-party aggregators that scrape federal court filings.

6. I am requesting only narrowly tailored sealing, limited strictly to the portions containing PII.

7. I make this request in good faith and in reliance on the Court's Minute Order dated February 10, 2026.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: February 12, 2026

John Doe

Plaintiff, Pro Se

*/s/ John Doe*



5:41

**PacerMonitor**

## Samuel Dominicus Smith v. Renee Solomon et al -...

Visit >

Samuel Dominicus Smith v. Renee Solomon et al. California Central District Court. Judge: Andre Birotte Jr. Referred: Pedro V Castillo. Case #: ...

Share   Saved   Remove result

## About the source

### PacerMonitor

PacerMonitor.com is a legal research platform founded in 2011 and based in New York, US. It archives federal and state court records, providing public and legal professionals access to case details, with a primary focus on bankruptcy proceedings. Operating on a subscription model, the service offers advanced tools for tracking, analyzing, and managing federal court dockets and filings. PacerMonitor generally requires official proof for record removal requests, prioritizing public record preservation.

---

*Handwritten annotations in margins:*
- 2/12/2026
- Screenshot of PacerMonitor is playing Plaintiff's Name
- EXHIBIT A
- 11

# [PROPOSED] ORDER GRANTING MOTION TO SEAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

John Doe, Plaintiff

v.

Renee Solomon, et al., Defendants

Case No. 2:25-cv-09413-AB-PVCx

# [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO SEAL

Having considered Plaintiff's Motion to Seal, supporting declaration, and all filings in this matter, and good cause appearing under Fed. R. Civ. P. 5.2, Local Rule 79-5, and this Court's Standing Order, the Court hereby ORDERS:

1. Plaintiff's Motion to Seal is GRANTED.

2. The Clerk shall SEAL the portions of docketed filings identified by Plaintiff that contain personal identifying information (PII), including Plaintiff's name, address, disability information, and any other information subject to protection under Rule 5.2.

3. The sealed material shall not be accessible to the public but shall remain available to the Court and the parties.

4. The public docket shall reflect that sealed filings exist.

IT IS SO ORDERED.

DATED: _____

Hon. André Birotte Jr.

United States District Judge